1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9
10

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a foreign
insurance company,

Plaintiffs,

v.

RUBENSTEIN'S CONTRACT CARPET,
LLC, a Washington Limited Liability
Corporation; NORTH AMERICAN
TERRAZZO, INC., a Washington
Corporation,

Defendants.

No. 2:19-cv-1175

**COMPLAINT FOR
DECLARATORY RELIEF
(28 U.S.C. § 2201)**

11
12
13
14
15
16
17
18
19
20
21
22
23

Plaintiff Travelers Property Casualty Company of America (Travelers) submits the following Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57.

## I.    PARTIES

1.1    Plaintiff Travelers is a foreign insurer organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

1.2    Defendant Rubenstein's Contract Carpet, LLC (RCC) is a limited liability company organized under the laws of the State of Washington, with its principal place of

COMPLAINT FOR DECLARATORY RELIEF – 1

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  business in the State of Washington.   All members of RCC are citizens of the State of

2  Washington.

3      1.3     Defendant North American Terrazzo, Inc. (NAT), is a corporation organized

4  under the laws of the State of Washington, with its principal place of business in the State of

5  Washington.

## II.      JURISDICTION AND VENUE

7      2.1     Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1332, *et. seq.*,

8  as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

9      2.2     The Court has jurisdiction over this declaratory judgment action pursuant to

10  28 U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with

11  respect to the existence of insurance coverage under the policies of insurance issued by

12  Travelers. A judicial determination and declaration of the rights and obligations of the parties is

13  necessary and appropriate at this time because Travelers has no adequate remedy at law which

14  will resolve the current controversy.

15      2.3     Venue is proper in this Court pursuant to 28 U.S.C.  § 1391 as this action

16  involves a dispute over the application of insurance coverage under policies written out of

17  Washington, events and omissions which gave rise to this claim occurred in this district, and

18  because NAT and RCC are subject to this Court's personal jurisdiction.

## III.      FACTUAL BACKGROUND

20      3.1     The subject claim arises from construction at the 13 Coins Restaurant located in

21  Seattle, Washington.

22      3.2     On or about October 2, 2017, Sodo Builders, LLC (SODO), the general

23  contractor for the subject project, entered into written contracts with RCC and NAT to perform

COMPLAINT FOR DECLARATORY RELIEF – 2

original construction of the floors of the Restaurant. The subcontract required the parties to perform their work in strict compliance with the Main Contract and incorporated the terms and conditions of the Main Contract.

3.6     RCC and NAT agreed in the subcontract "to provide all necessary supervision, management, services, engineering, testing, materials, labor, supplies, attachments, equipment, plant sundries, appurtenances, and/or any necessary thing required to diligently and fully perform and complete all Flooring and Finishes Works, in strict compliance with the SUBCONTRACT DOCUMENTS.  All work shall be performed in accordance with the applicable manufacturer's instructions and industry best practices unless in conflict with the SUBCONTRACT DOCUMENTS."

3.7     During original construction, RCC and/or NAT purchased and installed flooring pursuant to the Subcontract at 13 Coins Restaurant.

3.8     On January 26, 2018, RCC and/or NAT provided SODO a Guarantee of Work verifying that NAT had performed all work in accordance with the Plans and Specifications for the carpet installation, Resinous Epoxy Flooring, and the Stained Concrete.  Further RCC and/or NAT guaranteed their "work to be free from defects in workmanship or material for a period of one year from the date of substantial completion (February 9, 2018) and that it would make good without delay, any defects without additional costs to Owner, and agree to pay for any expense, including Attorney's fees, Architect and/or Owner cost, if incurred, as a result from correcting guaranteed work."  SODO and 13 coins paid RCC and/or NAT approximately $119,689 for the flooring.

3.9     On or about July 2018, SODO and 13 Coins alerted RCC and NAT that there were alleged problems with their work.  SODO notified RCC and NAT that the floor at 13

COMPLAINT FOR DECLARATORY RELIEF – 3

1    Coins was allegedly failing in four location (1) Main breakfast bar cook line; (2) Main

2    breakfast bar pantry area; (3) Upstairs dishwashing area; (4) Downstairs kitchen area.  SODO

3    alerted RCC and NAT that the alleged floor failure was due to faulty material and/or incorrect

4    installation.

5         3.10    On September 2, 2018, NAT, 13 Coins, and SODO met and discussed a plan to

6    move forward and correct the alleged defects.  RCC and NAT allegedly failed to follow up on

7    this meeting.

8         3.11    On September 5, 2018, SODO sent RCC and NAT written notice of the alleged

9    failures asking for a meeting to resolve the issues within 20 working days.

10        3.12    On September 24, 2018, SODO sent RCC and NAT written Notice of

11   Unsatisfactory Performance with photographs of the alleged failure as examples asking for a

12   response by September 26, 2018.

13        3.13    On or about the end of December 2018 or beginning of January 2019, RCC and

14   NAT agreed to dismantling of the kitchen on or about January 7, 2019 and for repair work for

15   the floors to begin shortly thereafter.

16        3.14    In reliance on RCC and NAT's representation, SODO incurred costs to

17   dismantle the 13 Coins Restaurant incurring costs to allow NAT to replace the defective

18   flooring.  SODO alleges that it incurred at least $181,548.71 in costs to prepare 13 Coins for

19   the warranty replacement by RCC and NAT while allowing 13 Coins to remain partially open

20   for business.

21        3.15    In addition, 13 Coins Restaurant service was allegedly disrupted and it claims to

22   have lost revenue during the replacement of the floors by NAT.

23        3.16    On December 3, 2018, RCC and NAT sent correspondence to insurance broker

COMPLAINT FOR DECLARATORY RELIEF – 4

Dick Davis, stating as follows:

> Dick,
>
> Want to advise of a potential claim on a project we did at the new 13 Coins restaurant in the 255 Building adjacent to the Century Link Field.  It involves a failure of the epoxy flooring in the kitchen, and is in the range of $400k-$500k including replacement materials and labor, removal and replacement of kitchen equipment, HVAC, and lost business.
>
> Please advise what we need to do at this point.
>
> Randy Rubenstein.

3.17    On December 4, 2018, NAT and RCC tendered the 13 Coins Restaurant loss to Travelers.   Travelers promptly acknowledged receipt of the claim and began its coverage investigation.

## IV.    POLICIES OF INSURANCE

**A.    <u>Identification of the Subject Insurance Policy</u>**

4.1    Travelers issued a commercial general liability insurance policy to NAT and RCC under policy number Y-630-6F055289-TIL-18 for the one-year period of March 15, 2018 to March 15, 2019 ("the Subject Policy").

**B.    <u>Provisions of The Subject Policy</u>**

4.2    The Commercial General Liability coverage part contained in the Subject Policy contains the following Insuring Agreement:

> **SECTION I -COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
>     **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this

COMPLAINT FOR DECLARATORY RELIEF – 5

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section III Limits Of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sum or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages **A** and **B**.

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period;

(3)     Prior to the policy period, no insured listed under Paragraph **1.** of Section **II – Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be

COMPLAINT FOR DECLARATORY RELIEF – 6

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** Of section **II** – Who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or presumption of that "bodily injury" or "property damage" after the end of the policy period

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

. . .

CG 00 01 10 01, p. 1.

4.3    The Subject Policy contain the following definitions that are applicable to the foregoing Insuring Agreement.

**SECTION V – DEFINITIONS**

. . .

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**17.**    "Property damage" means:

COMPLAINT FOR DECLARATORY RELIEF – 7

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Property damage" does not include loss or damage to "electronic media and records".

. . .

18.   "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

CG 00 01 10 01, pp.14-15, as modified by CG D2 56 11 03.

4.4    The Subject Policy contains the following exclusions and applicable definitions:

b.    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided   the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed by you in an

COMPLAINT FOR DECLARATORY RELIEF – 8

"insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured will be deemed to be damages because of "bodily injury" or "property damage", provided that:

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

CG 00 01 10 01, p. 2.

### SECTION V – DEFINITIONS
. . .
9.      "Insured contract" means:
. . .
f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement….

CG 00 01 10 01, p. 13.

j.      **Damage To Property**

"Property damage" to:
. . .

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

COMPLAINT FOR DECLARATORY RELIEF – 9

**(6)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

…

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

CG 00 01 10 01, p. 4-5.

## SECTION V – DEFINITIONS

. . .

**16.**   "Products-completed operations hazard":

**a.**   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**   Products that are still in your physical possession; or

**(2)**   Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)**   When all of the work called for in your contract has been completed.

**(b)**   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which

COMPLAINT FOR DECLARATORY RELIEF – 10

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

is otherwise complete, will be treated as completed.

CG 00 01 10 01, p. 14.

     **k.**     **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

CG 00 01 10 01, p. 5.

     **l.**     **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

CG 00 01 12 04, p. 5.

     **m.**     **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

     **(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

     **(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

CG 00 01 12 04 p. 5.

     **SECTION V – DEFINITIONS**

. . .

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**8.**     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a**.     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.**     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.**     The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b**.     Your fulfilling the terms of the contract or agreement.
. . .

**21.**     "Your Product":

a.     Means:

**(1)**     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)     You;

(b)     Others trading under your name; or

(c)     A person or organization whose business or assets you have acquired; and
. . .

b.     Includes:

**(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

           (2)    The providing of or failure to provide warnings or instructions.

. . .

**22.** "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)**    The providing of or failure to provide warnings or instructions.

CG 00 01 10 01, p. 13, 15.

    **n.**    **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    **(1)**    "Your product";
    **(2)**    "Your work"; or
    **(3)**    "Impaired property"'

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

CG 00 01 10 01, p. 5.

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

4.5     The Subject Policy also contains the following conditions that may be applicable to the subject claim:

**2.      Duties In The Event of Occurrence, Offense, Claim Or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offence which may result in a claim.  To the extent possible, notice should include:

**(1)**     How, when and where the "occurrence" or offense took place;

**(2)**     The names and addresses of any injured persons or witnesses; and

**(3)**     The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**     If a claim is made or "suit" is brought against any insured, you must:

**(1)**     Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**     You and any other insured must:

**(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)**     Authorize us to obtain records and other information;

**(3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; . . .

COMPLAINT FOR DECLARATORY RELIEF – 14

**d.**     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**e.**     The following provisions apply to Paragraph **a.** above, but only for purposes of the insurance provided under this Coverage Part to you or any insured listed in Paragraph **1.** Or **2.** Of Section **II –** Who Is An Insured:

**(1)**     Notice to us of such "occurrence" or offense must be given as soon as practicable only after the "occurrence" or offense is known to you (if you are an individual), any of your partners or members who is an individual (if you are a partnership), any of your managers who is an individual (if you are a limited liability company), any of your trustees who is an individual (if you are a trust), any of your "executive officers" or directors (if you are an organization other than a partnership, joint venture, limited liability company of trust) or any employee authorized by you to give notice of an "occurrence" or offense.

CG 00 01 10 01, pp. 10-11, as modified by CG D4 58 07 13, p. 6.

**4.     Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.     Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all the other insurance by the method described in Paragraph **c.** below.

However, if you specifically agree in a written contract or written agreement that the insurance provided to an additional insured under this Coverage Part must apply

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

on a primary basis, or a primary and non-contributory basis, this insurance is primary to other insurance that is available to such additional insured which covers such additional insured as a named insured, and we will not share with that other insurance, provided that:

**a.**    The "bodily injury" or "property damage" for which coverage is sought occurs; and

**b.**    The "personal injury" or "advertising injury" for which coverage is sought arises out of an offense committed subsequent to the signing and execution of that contract or agreement by you.

**b.    Excess Insurance**

This insurance is excess over:

**(1)**    Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)**    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(b)**    That is Fire insurance for premises rented to you or temporary occupied by you with permission of the owner;

**(c)**    That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(d)**    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent no subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury and Property Damage Liability.

**(e)**    That is available to the insured when the insured is added as an additional insured under any other policy,

COMPLAINT FOR DECLARATORY RELIEF – 16

including any umbrella or excess policy.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)   The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c.   **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

CG 00 01 040 13 at p. 12, as modified by CG D0 37 04 05.

4.6   The Subject Policy also contains an endorsement that provides as follows:

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**AMENDMENT- NON CUMULATION OF EACH OCCURRENCE LIMIT OF LIABILITY and NON CUMULATION OF PERSONAL and ADVERTISING INJURY LIMIT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1.      Paragraph 5 of SECTION III - LIMITS OF INSURANCE, is amended to include the following:

Non cumulation of Each Occurrence Limit - If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance-company, the amount we will pay is limited. This policy's Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the other policies because of such "occurrence".

. . .

CG D2 03 12 97.

4.7      The Subject Policy also contains an endorsement that provides as follows:

B.      If we initially defend and insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or payment of defense costs and to seek reimbursement for defense costs.

IL 01 23 11 13.

COMPLAINT FOR DECLARATORY RELIEF – 18

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

4.8    In accordance with applicable law, Travelers now brings this claim for Declaratory Judgment seeking a judicial determination that it does not owe any coverage obligation to NAT or RCC for the claims asserted in the 13 Coins Restaurant claim.

## V.    NO INDEMNITY OR DEFENSE COVERAGE UNDER THE POLICIES

5.1    The Policies provide coverage only for "property damage" caused by an "occurrence", as those terms are defined by the Policies, provided that any such "property damage" occurs during the policy period and NAT nor RCC did not know, in whole or in part, about the alleged "property damage" prior to the inception of any applicable policy period.

5.2    There is an actual and justiciable controversy as to whether the claims against NAT and RCC involve claims for "property damage" as that term is defined.

5.3    There is an actual and justiciable controversy as to whether of the claims against NAT and RCC involve an "occurrence" as that term is defined by the Subject Policy.

5.4    There is an actual and justiciable controversy as to whether the alleged liability of NAT and RCC is for "property damage" caused by any covered "occurrence."

5.5    There is an actual and justiciable controversy as to whether any "property damage" that was allegedly caused by a covered "occurrence" occurred during any policy period.

5.6    There is an actual and justiciable controversy as to whether NAT and RCC had knowledge, in whole or in part, of any alleged "property damage" prior to the inception of the policy periods.

5.7    Pursuant to the Subject Policy, coverage is excluded for liability for "property damage" to that particular part of real property on which an insured or its contractors or subcontractors worked directly or indirectly for the insured's operations if the "property

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

damage" arose out of those operations.

5.8     There is an actual and justiciable controversy as to whether the claims against NAT and RCC involve liability for "property damage" to that particular part of real property on which NAT and RCC, or its contractors or subcontractors, worked directly or indirectly for its operations and if said "property damage" arose out of those operations.

5.9     Pursuant to the Subject Policy, coverage is excluded for liability for "property damage" to the insured's "your product".

5.10    There is an actual and justiciable controversy as to whether the claims against NAT and RCC involve liability for "property damage" to NAT's and RCC's product.

5.11    Pursuant to the Subject Policy, coverage is excluded for liability for "property damage" to the insured's "your work".

5.12    There is an actual and justiciable controversy as to whether the claims against NAT and RCC involve liability for "property damage" to NAT's and RCC's work.

5.13    Pursuant to the Subject Policy, coverage is precluded for "property damage" to "impaired property" or other property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work.

5.14    There is an actual and justiciable controversy as to whether any alleged "property damage" to any allegedly "impaired property" or other property that has not been physically injured arises out of a defect, deficiency, inadequacy or other dangerous condition in NAT's and RCC's work or product.

5.15    Pursuant to the Subject Policy, coverage is excluded for "property damage" to "impaired property" or other property that has not been physically injured arising out of a delay

COMPLAINT FOR DECLARATORY RELIEF – 20

or failure by an insured or anyone acting on the insured's behalf to perform a contract or agreement in accordance with the terms of the contract or agreement.

5.16    There is an actual and justiciable controversy as to whether any alleged "property damage" to any allegedly "impaired property" or other property that has not been physically injured arises out of a delay caused by NAT or RCC or a failure by NAT and RCC to perform a contract or agreement in accordance with the terms of the contract or agreement related to the Project.

5.17    Pursuant to the Subject Policy, coverage is excluded for liability arising from property that must be restored, repaired, or replaced because the insured's work was incorrectly performed on it prior to the completion of the insured's work.

5.18    There is an actual and justiciable controversy as to whether the claims against H.D. Fowler involve liability arising from property that must be restored, repaired, or replaced because NAT's or RCC's work was incorrectly performed on it prior to the completion of the insured's work.

5.19    Pursuant to the Subject Policy, coverage is excluded for liability arising from damages claimed for any loss, cost or expense incurred by NAT and RCC or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of "your product", "your work", or "impaired property"  if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

5.20    There is an actual and justiciable controversy as to whether the claims against NAT and RCC involve liability for damages claimed for any loss, cost or expense incurred for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or

COMPLAINT FOR DECLARATORY RELIEF – 21

disposal of "your product", "your work", or "impaired property" that has been withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

5.21    Pursuant to the non-cumulation provisions of the Subject Policy, any payment by Travelers under any policy for any "occurrence" will reduce the limit of each successive policy issued by Travelers by the amount of any such payment for that "occurrence".

5.22    To the extent that a progressive loss alleged, there is an actual and justiciable controversy as to whether any potential coverage available under the Subject Policy would limit Travelers' obligations to a single policy period.

5.23    Pursuant to the Subject Policy, NAT and RCC are required to comply with certain terms and conditions as a condition precedent to coverage.

5.24    There is an actual and justiciable controversy as to whether NAT and RCC complied with the cooperation provisions in the Policies and whether any failure to comply on the part of NAT and RCC prejudiced Travelers.

5.25    Pursuant to the Subject Policy, an insured may not, except at its own expense, incur any expense or obligation without the consent of Travelers.

5.26    Travelers did not consent to NAT and/or RCC incurring any expense or obligation.

5.27    There is an actual and justiciable controversy as to whether NAT and/or RCC have voluntarily incurred any expenses or obligation without the consent of Travelers and whether having incurred such expense or obligation may have prejudiced Travelers.

5.28    The Subject Policy provides that Travelers is entitled to reimbursement of any defense costs that it incurs for claims that it is ultimately determined are not covered pursuant

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1     to the terms and conditions of the Subject Policy.

2         5.29    There is an actual and justiciable controversy as to whether Travelers is entitled

3     to any defense costs that it has incurred or that it may incur in the future in defending claims for

4     which there is no coverage available under the Subject Policy.

5         5.30    Travelers reserves the right to assert any other exclusions or grounds for which

6     coverage for the claims against NAT and RCC may be excluded under the Policies.

7                     **VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF**

8         6.1    Actual and justiciable controversies exist as to whether any defense coverage is

9     available to NAT and RCC under the Policy as set forth above.

10        6.2    Pursuant to and in accordance with 28 U.S.C. § 2201, Travelers requests that the

11    Court grant declaratory relief in favor of Travelers and enter a judicial determination that

12    Travelers does not have an obligation to provide a defense to NAT and RCC in regard to the 13

13    Coins Restaurant claim.

14        6.3    Actual and justiciable controversies exist as to whether any indemnity coverage

15    is available to NAT and RCC under the Policies in regard to the claims related to the

16    Underlying Lawsuit.

17        6.4    Pursuant to and in accordance with 28 U.S.C. § 2201, Travelers requests that the

18    Court grant declaratory relief in favor Travelers and enter a judicial determination that

19    Travelers  does not have an obligation to provide any indemnity coverage to NAT and RCC in

20    regard to the claims arising from the 13 Coins Restaurant claim.

21        6.5    To the extent that there is defense coverage available to NAT and RCC under

22    the Policy, there is an actual and justiciable controversy as to whether such coverage is primary

23    or excess.

COMPLAINT FOR DECLARATORY RELIEF – 23

6.6    To the extent that the Court determines that there is coverage available to NAT and RCC under the Policies, pursuant to 28 U.S.C. § 2201, Travelers requests that the Court grant declaratory relief in favor of it and enter a judicial determination that such coverage is excess over any other coverage provided to NAT and RCC under any other policy of insurance.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Travelers Property Casualty Company of America having specifically alleged the foregoing, now prays for the following relief:

7.1    For a declaration of the rights and obligations of the parties hereto under the Policy.

7.2    For a declaration that there is no duty to defend NAT and RCC under the Policy.

7.3    For a declaration that there is no duty to indemnify NAT and RCC under the Subject Policy.

7.4    For a judicial declaration that NAT and RCC are bound by any judicial declarations in this matter involving the Subject Policy.

7.5    To the extent allowed by applicable law, for reimbursement of any and all defense costs, fees, or expenses incurred by Travelers in defending any entity or person in the 13 Coins Restaurant claim who claims to be an insured under the Policy for which there is no defense obligation.

7.6    For all pre-judgment and post-judgment interest as allowed by applicable law.

\\

\\

COMPLAINT FOR DECLARATORY RELIEF – 24

1    7.7    For attorney fees and costs allowed by applicable statute and law.

2    7.8    For other and further relief as the Court deems just and equitable.

3    DATED this 26th day of July, 2019.

4                                          LETHER & ASSOCIATES, PLLC

5                                          *s/ Thomas Lether*
                                           *s/ Eric Neal*
6                                          Thomas Lether, WSBA #18089
                                           Eric J. Neal, WSBA#31863
7                                          1848 Westlake Ave N., Suite 100
                                           Seattle, WA  98109
8                                          P: 206-467-5444 / F: 206-467-5544
                                           eneal@letherlaw.com
9                                          tlether@letherlaw.com
                                           *Counsel for Travelers Property Casualty*
10                                         *Company of America and The Phoenix*
                                           *Insurance Company*

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY RELIEF – 25