UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN TERRAZZO, INC., a Washington Corporation,<br><br>Defendants. | CASE NO. C19-1175 MJP<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |
| NORTH AMERICAN TERRAZZO, INC, a Washington Corporation,<br><br>Third Party Plaintiff,<br><br>v.<br><br>TERRAZZO & MARBLE SUPPLY CO. OF ILLINOIS, a foreign corporation,<br><br>Third Party Defendant | |

//

This matter comes before the Court on Plaintiff's Motion for Leave to Amend (Dkt. No. 17.) Having reviewed the Motion, the Response (Dkt. No. 26), the Reply (Dkt. No. 31), and all related papers, the Court GRANTS the Motion.

**Background**

This dispute arises out of the construction of the 13 Coins Restaurant in Seattle. Defendant, North American Terrazzo ("NAT") was hired to install floor slabs in the restaurant. (Dkt. No. 1 ("Compl."), ¶ 3.6.) After NAT completed the floor, it was informed by the restaurant and general contractor that the tiles were failing in multiple locations. (Id., ¶ 3.9.) 13 Coins Restaurant claims its service was disrupted and it incurred significant costs when NAT allegedly failed to correct the defects. (Id., ¶¶ 3.14-15.) In December, 2018, NAT notified Plaintiff, Travelers Property Casualty Company of America ("Travelers"), its insurance company, of a potential claim arising out of the flooring failure and tendered the 13 Coins Restaurant loss to Travelers. (Id., ¶ 3.17.)

Travelers filed the instant suit on July 26, 2019, seeking a declaration that, among other things, Travelers has no duty to indemnify NAT under the operative policy (the "Policy"). (Compl., ¶ 7.3.) As of October, 2019, no "suit" as defined by the Policy has been filed against NAT. (Dkt. No. 17 at 3.) Nevertheless, Travelers assigned attorney Francis Floyd as defense counsel and then agreed to transfer the defense of the potential claims to attorney William Spencer, upon NAT's request. (Dkt. No. 18, Declaration of Eric Neal ("Neal Decl."), Ex. 1 at 2-4.) On September 25, NAT terminated Mr. Spencer without notice to Travelers. (Id., Ex. 2 at 4.) Claiming NAT's decision to terminate defense counsel violates the Policy, Travelers now seeks leave to amend the Complaint to include Mr. Spencer's termination. (Dkt. No. 17 at 5.)

**Discussion**

Federal Rule of Civil Procedure 16 provides that a party seeking modification of a scheduling order must demonstrate "good cause" for the modification. Fed. R. Civ. P. 16(b)(4). A party satisfies the "good cause" standard by showing that, even acting diligently, she could not have met the deadlines set forth in the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609. Once this standard has been satisfied, the Court considers whether amendment would prejudice the opposing party, is sought in bad faith, would result in undue delay, or is futile. See Fed. R. Civ. P. 15(a)(2); Amerisource Bergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006).

Here, Travelers has satisfied the "good cause" standard by filing their Motion for Leave to Amend within one week of the conduct they allege violated the Policy, showing the required diligence. (See Dkt. No. 17.) NAT argues that Travelers' Motion is moot, because after Travelers filed the instant Motion, NAT filed a Motion for Summary Judgment that may result in the dismissal of Travelers' Complaint. (Dkt. No. 26 at 4-5.) NAT also argues that amendment would be futile because NAT informed Travelers that it may retain Mr. Spencer for its own defense and because the Policy does not give Travelers the right to control a pre-suit investigation. (Id. at 6-8.) First, Travelers' Motion is not mooted by NAT's pending Motion for Summary Judgment, not least of all because NAT filed its Motion after Travelers sought leave to amend. Further, NAT's futility arguments concern factual and legal determinations that are not appropriately decided on a Motion for Leave to Amend.

//

//

//

**Conclusion**

Accordingly, Travelers' Motion for Leave to Amend (Dkt. No. 17) is GRANTED and NAT's Motion for Summary Judgment (Dkt. No. 21) is stricken. NAT may refile its Motion after Travelers has filed its amended complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 1, 2019.

_____
Marsha J. Pechman
United States District Judge