UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company,<br><br>      Plaintiffs,<br><br>  v.<br><br>NORTH AMERICAN TERRAZZO, INC., a Washington Corporation,<br><br>      Defendants. | No. 2:19-cv-1175 MJP<br><br>**PLAINTIFF'S SECOND AMENDED ANSWER TO DEFENDANT NORTH AMERICAN TERRAZZO'S AMENDED COUNTERCLAIMS** |
| NORTH AMERICAN TERRAZZO, INC, a Washington Corporation,<br><br>      Third Party Plaintiff,<br><br>  v.<br><br>TERRAZZO & MARBLE SUPPLY CO. OF ILLINOIS, a foreign corporation,<br><br>      Third Party Defendant | |

\\

\\

Plaintiff Travelers Property Casualty Company of America (hereinafter "Travelers") submits the following Second Amended Answer to Defendant North American Terrazzo (Hereinafter "NAT") Amended Counterclaims against Travelers:

1. In answer to paragraph 1 of NAT's Amended Counterclaims, Travelers admits.

2. In answer to paragraph 2 of NAT's Amended Counterclaims, Travelers admits.

3. Paragraph 3 of NAT's Amended Counterclaims does not require a response from Travelers. To the extent paragraph 3 sets forth any factual allegations, Travelers denies the same

4. In answer to paragraph 4 of NAT's Amended Counterclaims, Travelers admits.

5. In answer to paragraph 5 of NAT's Amended Counterclaims, Travelers admits that on or about December 4, 2018, NAT tendered a claim to Travelers. To the extent paragraph 5 contains further factual allegations, Travelers denies the same.

6. In answer to paragraph 6 of NAT's Amended Counterclaims, Travelers admits that following tender of the claim by NAT to Travelers, Travelers promptly acknowledged receipt and began its coverage investigation. To the extent paragraph 6 contains further factual allegations, Travelers denies the same.

7. In answer to paragraph 7 of NAT's Amended Counterclaims, Travelers denies violating any of its policies or procedures in the handling of this claim. To the extent paragraph 7 contains further factual allegations, Travelers denies the same.

8. In answer to paragraph 8 of NAT's Amended Counterclaims, Travelers denies.

9. In answer to paragraph 9 of NAT's Amended Counterclaims, Travelers denies violating its own policy and procedures. By way of further answer, the allegation set forth by NAT in paragraph 9 sets forth a legal conclusion that does not require a response. Travelers'

ANSWER TO NAT's AMENDED
COUNTERCLAIMS – 2

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

contends that any and all legal issues should be ruled on by the Court as a matter of law. To the extent paragraph 9 sets forth any factual allegations, Travelers denies the same. As a result, Travelers denies the allegations set forth therein.

10. In answer to paragraph 10 of NAT's Amended Counterclaims, Travelers admits that following tender of the claim by NAT to Travelers, Travelers promptly acknowledged receipt and began its coverage investigation. To the extent paragraph 10 contains further factual allegations, Travelers denies the same.

11. In answer to paragraph 11 of NAT's Amended Counterclaims, Travelers is without specific knowledge or information to form a belief as to the allegation and therefor denies the same.

12. In answer to paragraph 12 of NAT's Amended Counterclaims, Travelers is without specific knowledge or information to form a belief as to the allegation and therefor denies the same.

13. In answer to paragraph 13 of NAT's Amended Counterclaims, Travelers is without specific knowledge or information to form a belief as to the allegation and therefor denies the same.

14. In answer to paragraph 14 of NAT's Amended Counterclaims, Travelers is without specific knowledge or information to form a belief as to the allegation and therefor denies the same.

15. In answer to paragraph 15 of NAT's Amended Counterclaims, the contract between NAT and SODO speaks for itself. To the extent paragraph 15 contains further factual allegations, Travelers denies the same.

16. In answer to paragraph 16 of NAT's Amended Counterclaims, Travelers admits that following tender of the claim by NAT to Travelers, Travelers promptly acknowledged receipt and began its coverage investigation. To the extent paragraph 16 contains further factual allegations, Travelers denies the same.

17. In answer to paragraph 17 of NAT's Amended Counterclaims, Travelers is without specific knowledge or information to form a belief as to the allegation and therefor denies the same.

18. In answer to paragraph 18 of NAT's Amended Counterclaims, the document speaks for itself. To the extent paragraph 18 contains further factual allegations, Travelers denies the same.

19. In answer to paragraph 19 of NAT's Amended Counterclaims, Travelers Second Amended Complaint for Declaratory Relief speaks for itself. To the extent paragraph 19 contains further factual allegations, Travelers denies the same.

20. In answer to paragraph 20 of NAT's Amended Counterclaims, Travelers denies violating its own policy and procedures. By way of further answer, the allegation set forth by NAT in paragraph 20 sets forth a legal conclusion that does not require a response. Travelers contends that any and all legal issues should be ruled on by the Court as a matter of law. To the extent paragraph 20 sets forth any factual allegations, Travelers denies the same. As a result, Travelers denies the allegations set forth therein.

21. In answer to paragraph 21 of NAT's Amended Counterclaims, Travelers denies the allegations as contained therein. Attorney Lether did not act in any capacity as an investigator, adjustor or attorney on the subject file.

22. In answer to paragraph 22 of NAT's Amended Counterclaims, Mr. Lether is a

ANSWER TO NAT's AMENDED
COUNTERCLAIMS – 4

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  lawyer with over 30 years of experience in insurance coverage. Mr. Lether has worked as an

2  expert on a variety of different cases. These cases and opinions provided by Mr. Lether do not

3  concern the matter currently before the Court. As a result, Travelers denies the allegations

4  contained therein. Attorney Lether did not act in any capacity as an investigator or adjustor on

5  the subject file.

6    23.    In answer to paragraph 23 of NAT's Amended Counterclaims, Mr. Lether is a

7  lawyer with over 30 years of experience in insurance coverage. Mr. Lether has worked as an

8  expert on a variety of different cases. These cases and opinions provided by Mr. Lether do not

9  concern the matter currently before the Court. As a result, Travelers denies the allegations

10 contained therein. Attorney Lether did not act in any capacity as an investigator or adjustor on

11 the subject file.

12   24.    In answer to paragraph 24 of NAT's Amended Counterclaims, Travelers denies.

13   25.    In answer to paragraph 25 of NAT's Amended Counterclaims, Travelers denies.

14 By way of further answer, Mr. Lether has worked as an expert on a variety of different cases.

15 These cases and opinions provided by Mr. Lether do not concern the matter currently before

16 the Court. As a result, Travelers denies the allegations contained therein. Attorney Lether did

17 not act in any capacity as an investigator or adjustor on the subject file.

18   26.    In answer to paragraph 26 of NAT's Amended Counterclaims, Travelers admits

19 that a meeting occurred on September 25, 2019. To the extent paragraph 26 contains further

20 factual allegations, Travelers denies the same.

21   27.    In answer to paragraph 27 of NAT's Amended Counterclaims, paragraph 27

22 sets forth a legal conclusion that does not require a response. Travelers contends that any and

23 all legal issues should be ruled on by the Court as a matter of law. To the extent paragraph 27

ANSWER TO NAT's AMENDED
COUNTERCLAIMS – 5

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

sets forth any factual allegations, Travelers denies the same. As a result, Travelers denies the allegations set forth therein.

28. In answer to paragraph 28 of NAT's Amended Counterclaims, Travelers Second Amended Complaint for Declaratory Relief speaks for itself. To the extent paragraph 28 sets forth any factual allegations, Travelers denies the same.

29. In answer to paragraph 29 of NAT's Amended Counterclaims, paragraph 29 sets forth a legal conclusion that does not require a response. Travelers contends that any and all legal issues should be ruled on by the Court as a matter of law. To the extent paragraph 29 sets forth any factual allegations, Travelers denies the same. As a result, Travelers denies the allegations set forth therein.

30. In answer to paragraph 30 of NAT's Amended Counterclaims, paragraph 30 sets forth a legal conclusion that does not require a response. Travelers contends that any and all legal issues should be ruled on by the Court as a matter of law. To the extent paragraph 30 sets forth any factual allegations, Travelers denies the same. As a result, Travelers denies the allegations set forth therein.

31. In answer to paragraph 31 of NAT's Amended Counterclaims, Travelers denies.

32. In answer to paragraph 31 of NAT's Amended Counterclaims, Travelers denies.

**FIRST CAUSE OF ACTION—Breach of Contract**

33. In answer to paragraph 33 of NAT's Amended Counterclaims, Travelers incorporates by reference the above responses to paragraphs 1-32 above of NAT's Amended Counterclaims as though fully set forth herein.

34. In answer to paragraph 34 of NAT's Amended Counterclaims, Travelers denies.

**SECOND CAUSE OF ACTION—Coverage by Estoppel**

35. In answer to paragraph 35 of NAT's Amended Counterclaims, Travelers incorporates by reference the above responses to paragraphs 1-34 above of NAT's Amended Counterclaims as though fully set forth herein.

36. In answer to paragraph 36 of NAT's Amended Counterclaims, this allegation sets forth a legal conclusion that does not require a response. The law speaks for itself. To the extent paragraph 36 of NAT's Counterclaims contains further factual allegation, Travelers denies the same.

### THIRD CAUSE OF ACTION—Bad Faith

37. In answer to paragraph 37 of NAT's Amended Counterclaims, Travelers incorporates by reference the above responses to paragraphs 1-36 above of NAT's Amended Counterclaims as though fully set forth herein.

38. In answer to paragraph 38 of NAT's Amended Counterclaims, this allegation sets forth a legal conclusion that does not require a response. The law speaks for itself. To the extent paragraph 38 of NAT's Amended Counterclaims contains further factual allegation, Travelers denies the same.

### FOURTH CAUSE OF ACTION—Negligence

39. In answer to paragraph 39 of NAT's Amended Counterclaims, Travelers incorporates by reference the above responses to paragraphs 1-38 above of NAT's Amended Counterclaims as though fully set forth herein.

40. In answer to paragraph 40 of NAT's Amended Counterclaims, Travelers denies.

### FIFTH CAUSE OF ACTION—Consumer Protection Act

41. In answer to paragraph 41 of NAT's Amended Counterclaims, Travelers incorporates by reference the above responses to paragraphs 1-40 above of NAT's Amended

Counterclaims as though fully set forth herein.

42. In answer to paragraph 42 of NAT's Amended Counterclaims, this allegation sets forth a legal conclusion that does not require a response. The law speaks for itself. To the extent paragraph 42 of NAT's Amended Counterclaims contains further factual allegation, Travelers denies the same.

43. In answer to paragraph 43 of NAT's Amended Counterclaims, this allegation sets forth a legal conclusion that does not require a response. The law speaks for itself. To the extent paragraph 43 of NAT's Amended Counterclaims contains further factual allegation, Travelers denies the same.

44. In answer to paragraph 44 of NAT's Amended Counterclaims, this allegation sets forth a legal conclusion that does not require a response. The law speaks for itself. To the extent paragraph 44 of NAT's Amended Counterclaims contains further factual allegation, Travelers denies the same.

45. In answer to paragraph 45 of NAT's Amended Counterclaims, Travelers denies.

46. In answer to paragraph 46 of NAT's Amended Counterclaims, Travelers denies.

47. In answer to paragraph 47 of NAT's Amended Counterclaims, the law speaks for itself. To the extent paragraph 47 of NAT's Amended Counterclaims contains further factual allegation, Travelers denies the same.

**SIXTH CAUSE OF ACTION—Declaratory Relief**

48. In answer to paragraph 48 of NAT's Amended Counterclaims, Travelers incorporates by reference the above responses to paragraphs 1-47 above of NAT's Amended Counterclaims as though fully set forth herein.

49. In answer to paragraph 49(A-J) of NAT's Amended Counterclaims, Travelers

denies that NAT is entitled to any of the relief it seeks.

## THIRD-PARTY COMPLAINT

NAT's Third-Party Complaint paragraphs 1-13 contains allegations against Terrazzo & Marble Supply Co. of Illinois (T&M) that do not require a response from Travelers. To the extent that paragraphs 1-13 of NAT's Third-Party Complaint contain allegations against Travelers, Travelers denies the same.

## III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION—Breach of Contract

NAT's Third-Party Complaint paragraphs 14-17 assert causes of action directed against T&M that do not require a response from Travelers. To the extent that paragraphs 14-17 of NAT's Third-Party Complaint contain allegations against Travelers, Travelers denies the same.

### SECOND CAUSE OF ACTION—Negligence

NAT's Third-Party Complaint paragraphs 18-20 assert causes of action directed against T&M that do not require a response from Travelers. To the extent that paragraphs 18-20 of NAT's Third-Party Complaint contain allegations against Travelers, Travelers denies the same.

### THIRD CAUSE OF ACTION—Implied Contractual Indemnity

NAT's Third-Party Complaint paragraphs 21-24 assert causes of action directed against T&M that do not require a response from Travelers. To the extent that paragraphs 21-24 of NAT's Third-Party Complaint contain allegations against Travelers, Travelers denies the same.

### III.   PRAYER FOR RELIEF

In response to NAT's Prayer for Relief, Travelers denies that NAT is entitled to any of the relief it seeks, including subparts 1-8.

**AFFIRMATIVE DEFENSES**

Having fully answered NAT's Amended Counterclaims, Travelers asserts the following Affirmative defenses:

1. Travelers has fully complied with its obligations under the subject policy of insurance and has at all times acted reasonably in handling all claims for benefits under the subject policy. As a result, NAT's claims are without merit.

2. The subject insurance policy provides coverage pursuant to its terms and conditions and not otherwise. NAT's claims are barred, in whole or in part, by the terms, conditions, coverages and exclusions of the subject policy of insurance.

3. NAT has failed to state a claim for which relief may be granted.

4. NAT is not entitled to the relief requested because NAT cannot prove the elements of its claims for which it has the burden.

5. NAT is not entitled to the relief requested because NAT cannot establish coverage under the policy.

6. In the event NAT is awarded damages against Travelers, Travelers is entitled to an offset and/or setoff as to the recovery of NAT's damages against any third party.

7. To the extent that NAT has suffered damages, any such damages were caused, in whole or in part by the acts or omissions of NAT.

8. To the extent that NAT has suffered damages, any such damages were caused in whole or in part, by acts or omissions of third parties over whom Travelers has no control.

9. Travelers reserves the right to assert additional defenses, or as raised as part of this Declaratory Action.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered NAT's Amended Counterclaims, Travelers prays for the following relief:

1. Dismissal of NAT's Amended Counterclaims against Travelers with prejudice;

2. To the extent allowed by law, an award of taxable costs, disbursement of reasonable attorneys' fees; and

3. Such other further relief the Court may deem just and proper.

DATED this 13th day of December, 2019.

        LETHER & ASSOCIATES, PLLC

        */s/ Thomas Lether*
        */s/ Eric J. Neal*
        Thomas Lether, WSBA #18089
        Eric J. Neal, WSBA#31863
        1848 Westlake Ave N., Suite 100
        Seattle, WA  98109
        P: 206-467-5444 / F: 206-467-5544
        eneal@letherlaw.com
        tlether@letherlaw.com
        *Counsel for Travelers Property Casualty Company of America*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the United States of America that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

Richard T. Beal, Jr.
Robert S. Marconi
Ashbaugh Beal LLP
701 5th Ave Ste 4400
Seattle, WA 98104
RBeal@ashbaughbeal.com
Rmarconi@ashbaughbeal.com
*Attorney for North American Terrazzo, Inc.*

R. Scott Fallon
Rebecca R. Morris
Joseph P. Evans
Fallon McKinley, PLLC
155 NE 100th Street, Suite 401
Seattle, WA 98125
bfallon@fallonmckinley.com
rmorris@fallonmckinley.com
jevans@fallonmckinley.com
*Attorneys for Third Party Defendant Terrazo & Marble Supply Co. of Illinois*

**By:**   ☐ **First Class Mail**   ☒ **ECF/ E-mail**   ☐ **Legal Messenger**

Dated this 13th day of December, 2019 at Seattle, Washington.

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Lina Wiese*
　　　　　　　　　　　　　　　　　　　　　　　Lina Wiese | Paralegal