UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBENSTEIN'S CONTRACT CARPET LLC et al.,<br><br>Defendants. | CASE NO. C19-1175 MJP<br><br>ORDER GRANTING LEAVE TO AMEND |

THIS MATTER comes before the Court on Defendant's motion to amend its answer to the Second Amended Complaint, affirmative defenses, amended counterclaim, and third-party complaint. (Dkt. No. 53.) Having considered the motion, the response (Dkt. No. 58), the reply (Dkt. No. 59), and other relevant documents, the Court GRANTS the motion.

ORDER GRANTING LEAVE TO AMEND - 1

**Background**

This dispute arises out of an issue with the flooring at the 13 Coins Restaurant in Seattle that was installed by the Defendant, North American Terrazzo ("NAT"). (Dkt. No. 41 ("SAC"), ¶¶ 3.2-3.9.) Approximately four months after the flooring was installed, 13 Coins notified NAT that there were problems with its work due to faulty material or incorrect installation. (Id. ¶ 3.9.) 13 Coins Restaurant contends its service was disrupted and it incurred significant costs when NAT allegedly failed to correct the defects. (Id. ¶¶ 3.15.) On December 4, 2018, NAT tendered the 13 Coins Restaurant loss to Plaintiff, Travelers Property Casualty Company of America ("Travelers"). (Id. ¶ 3.17.)

On April 30, 2020, all parties to this suit participated in a mediation of claims which had informally been made against NAT, and settlements were reached between the owners of 13 Coins, the general contractor Sodo Builders, NAT, and third-party defendant Terrazzo Marble Supply Co., of Illinois. (Dkt. No. 53 at 2.) NAT has now made all payments required of it and contends it is entitled to recover the settlement and other related damages from Travelers. (Id. at 3.) NAT seeks to amend its Answer to Travelers' Second Amended Complaint to assert that with the advent of the settlement, there is now a justiciable controversy concerning Travelers' liability for that settlement. Additionally, NAT desires to amend its counterclaim to remove the contingent nature of it and seek damages, which include the April 30, 2020 settlement amounts. (Id.)

**Discussion**

**I.    Legal Standard**

Federal Rule of Civil Procedure 15 provides leave to amend should be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is

appropriate, the district court should consider the presence of bad faith, undue delay, prejudice to the opposing party, and/or futility. Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001). Generally, the analysis of these elements should be "performed with all inferences in favor of granting the motion." Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). Prejudice to the opposing party carries the greatest weight, and absent prejudice or a strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Granting the motion to amend will not prejudice Plaintiff. Indeed, Travelers' opposition does not mention prejudice, apparently conceding the issue. (See Dkt. No. 58.) Further, Travelers has failed to make a "strong showing of any of the remaining factors." First, there is nothing to suggest that NAT brings this motion in bad faith. Instead, it seeks to amend its answer and counterclaims to encompass the recent settlement, a relevant factual development that NAT immediately communicated to Travelers. (Dkt. No. 53 at 4.) Again, NAT agrees that the recent settlement, "entered into without Travelers' consent . . . does in fact raise new coverage issues." (Dkt. No. 58 at 12.) Second, there is no undue delay. The final settlement was executed and circulated on May 26, 2020, less than two weeks before NAT filed the instant motion. (Dkt. No. 53 at 4.) And the Parties remain in the discovery stage of this action, with more than five months left before trial. (Dkt. No. 52.)

Finally, NAT's amended complaint is not futile. Should NAT prevail on any of its currently pleaded causes of action and establish the reasonableness of the settlement, it will be entitled to recover indemnity for the settlement either in tort, or in contract. While difficult to follow, Travelers appears to argue that because there has always been a justiciable controversy, NAT should not be permitted to amend their Answer and Counterclaims to "agree that with the

1 advent of the settlement, there is now a justiciable controversy." (Dkt. No. 53 at 2.) Because
2 Travelers has failed to establish any of the elements that would weigh against granting leave, and
3 additionally because both Parties appear to agree NAT's amendments would more accurately
4 reflect the status of this matter, the Court GRANTS NAT's motion for leave to amend.

6     The clerk is ordered to provide copies of this order to all counsel.

7     Dated July 10, 2020.

                                          Marsha J. Pechman
                                          United States Senior District Judge