|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBENSTEIN'S CONTRACT CARPET LLC, NORTH AMERICAN TERRAZZO INC,<br><br>Defendants. | CASE NO. C19-1175 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration. (Dkt. No. 131.) Plaintiff Travelers Property Casualty Company of America asks the Court to reconsider its Order on the Parties' Cross-Motions for Summary Judgment (Dkt. No. 127). The Court DENIES the Motion, but provides the "clarification" sought by Travelers.

Under Local Rule 7(h) "[m]otions for reconsideration are disfavored [and t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

1  a showing of new facts or legal authority which could not have been brought to its attention
2  earlier with reasonable diligence."

3       Travelers has failed to show grounds for reconsideration of the Court's order granting
4  Defendant North American Terrazzo's (NAT) motion for partial summary judgment as to its bad
5  faith claim. First, Travelers argues that the Court committed manifest error by resolving disputes
6  of fact in favor of NAT—the moving party—and "rel[ying] on NAT's resuscitation [sic] of
7  facts." (Dkt. No. 131 at 2.) This is incorrect. The undisputed facts demonstrate that Travelers
8  failed to discharge its independent duty to investigate the underlying damage in good faith to
9  determine its coverage duties to the insured. (See Order at 9-12 (Dkt. No. 127).) The undisputed
10 facts show that Travelers knew before it filed this action that its inadequate investigation left it
11 without evidence to support the claims it pursued in this case (and at summary judgment) that
12 policy exclusions bar coverage. (Id.) Travelers' actions were "unreasonable" and "unfounded"
13 and constitute bad faith. (See id.) In reaching its decision, the Court considered the disputed facts
14 that Travelers identifies in its present Motion. But those disputed facts continue not to be
15 material or relevant to the Court's determination. Second, Travelers has failed to cite legal
16 authority which has not already been briefed and considered by the Court. See Local Rule 7(h).
17 The Court DENIES the Motion to Reconsider as to this claim.

18       Travelers also asks the Court to reconsider its Order as to NAT's CPA claim. The Court
19 finds neither manifest error nor new authority that warrants reconsideration. See Local Rule 7(h).
20 The "new" case Travelers relies on is not found at the cite provided—196 Wn.2d 310 (2020).
21 (Dkt. No. 131 at 7.) The Court believes Travelers may be referring to Young v. Toyota Motor
22 Sales, U.S.A., ____ Wn.3d ____, 472 P.3d 990 (2020), which was decided on September 24,
23 2020. If so, Travelers did not promptly bring this opinion to the Court's attention, as required by
24

Local Rule 7(h). Even if it had, the case does not appear to change the law as to damages and causation under the CPA, and Travelers provides no argument or explanation in its present Motion as to how this case did so. The Court DENIES the Motion to Reconsider its decision as to this claim.

Lastly, Travelers asks that the Court to "clarify" whether it may pursue a "reasonableness" defense to the CPA claim. This is not a proper motion for reconsideration because Travelers never raised the issue in the five briefs it filed in support of or in opposition to the motions for summary judgment. Travelers tries to sidestep this by referring to its response to NAT's motion for partial summary judgment. (Dkt. No. 131 at 7 (citing "[Dkt. 92]" without any page cites).) But that brief did not address the CPA claim, the relevant WAC, or this defense. In other words, Travelers seeks a ruling on an issue for which it never sought or opposed summary judgment.

Notwithstanding Travelers' procedural missteps, the Court addresses the issue to streamline issues for trial. The Court does so at Travelers' request and based solely on Travelers' Motion for Reconsideration. The Motion relies exclusively on Keller v. Allstate Ins. Co., 81 Wn. App. 624, 634 (1996), which Travelers claims stands for the proposition that "[r]easonableness is a complete defense to a CPA claim." (Dkt. No. 131 at 7.) The relevant holding from Keller is that an insurer may defeat a CPA claim premised on a violation of WAC 284-30-330(7) if it had "reasonable justification for denying coverage." Keller, 81 Wn. App. at 634 (quotation and citation omitted). Keller did not consider the same regulation on which NAT premises its CPA claim, but it is instructive on the issue of whether a reasonableness defense can be made. Here the regulation requires the insurer to "conduct[] a reasonable investigation" before "refus[ing] to pay a claim." WAC 284-30-330(4). The insurer may pursue a defense to the "unfair trade


practice" element of a CPA claim if it can prove it conducted a "reasonable investigation." WAC 284-30-330(4). This is consistent with Keller. But while proof of a "reasonable investigation" could be a defense to NAT's CPA claim, the Court has already found that Travelers' investigation was "unfounded" and "unreasonable" as a matter of law based on the undisputed facts. (Order at 10-12.) Travelers may not pursue this defense at trial.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 4, 2020.

Marsha J. Pechman
United States District Judge